UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID E. DUYST,

            Petitioner,            Case Number: 2:08-CV-11728

v.                                    HON. VICTORIA A. ROBERTS

LLOYD RAPELJE,

            Respondent.
_____/

**ORDER: (1) GRANTING PETITIONER'S MOTION FOR RELEASE OF PHYSICAL EVIDENCE FOR TESTING; (2) GRANTING REQUEST FOR AN EVIDENTIARY HEARING; AND (3) DENYING AS MOOT REQUEST FOR ORAL ARGUMENT**

Petitioner David E. Duyst, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Saginaw Correctional Facility in Freeland, Michigan. He challenges his 2000 conviction for first-degree murder. Now before the Court is Petitioner's request for discovery, an evidentiary hearing, and oral argument.

I.

Petitioner's conviction arises from the death of his wife, Sandra Duyst, on March 29, 2000. Sandra's[1] death was caused by two gunshots to the head. Petitioner was convicted of fatally shooting Sandra. His defense was that the gunshot wounds were self-inflicted. According to Petitioner, Sandra was alone in their bedroom when the shooting occurred and he only entered the bedroom after hearing gunshots.

Petitioner called 911. The police treated the death as a suicide. However, the medical

---

[1] To avoid confusion between Petitioner and Sandra Duyst, the Court will refer to Sandra Duyst by her first name throughout the order.

examiner later ruled the death a homicide based upon the presence of two, rather than one, gunshots to the head. Sometime after the discovery of a note purportedly authorized by Sandra cautioning that she would never commit suicide and had been beaten by her husband, Petitioner was prosecuted for murder. At trial, a blood spatter expert testified that spots found on the shirt Petitioner was wearing on the day of Sandra's death showed high velocity impact spatter consistent with Petitioner being the shooter. In addition, two pathologists testified that Sandra could not have voluntarily pulled the trigger twice because she would have been incapacitated by the first bullet; and, two firearms experts testified that the gun had been designed to make double-fire impossible.

Sandra's note and the testimony of the two pathologists and two firearms experts form the basis for Petitioner's habeas petition and his requests for discovery and an evidentiary hearing. Petitioner argues that his attorney was ineffective in his handling of Sandra's note, the testimony from the prosecution's blood spatter expert, and the ballistics evidence. He further argues that his trial attorney was ineffective in failing to find adequate experts and in failing to secure testing of key physical evidence.

II.

On habeas review, a federal court must presume that all determinations of factual issues made by the state court are correct. 28 U.S.C. § 2254(c)(1). A federal court may not conduct an evidentiary hearing where the petitioner failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information

available at the time, to investigate and pursue claims in state court." *Id.* at 435. In addition, the federal court may conduct an evidentiary hearing only if the facts underlying the claim, if true, would establish a constitutional error. *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002).

A.

The court first reviews the history of Petitioner's case in state court to determine whether Petitioner was diligent in his attempt to develop the factual record.

Following a jury trial in Kent County Circuit Court, Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony. On May 17, 2001, he was sentenced to life imprisonment without possibility of parole for murder, to be served consecutively to two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. Petitioner was represented by the same attorney who represented him at trial. Petitioner's Claims I through VII are couched in terms of whether reversible error was committed and whether the appellant was deprived of his federal and Michigan due process rights to a fair trial when:

I. The authorities failed to preserve vital evidence and when the trial court refused to preclude evidence of the same nature as the evidence which was retained as a remedy for the authorities' actions.

II. The trial judge refused to give an adverse inference instruction with respect to the missing evidence.

III. DNA evidence was admitted without informing the jury of the inherent limitations of the test methodology used.

IV. The trial judge refused to allow a jury view of the scene of the alleged homicide.

V. The trial judge refused to allow a witness to testify in rebuttal to a claim that the appellant had fabricated testimony.

    VI.    The trial judge limited the scope of the appellant's experts and refused to allow them to testify that the decedent had committed suicide.

    VII.    Several proposed witnesses were not allowed to testify.

Petitioners's VIII Claim is:

    VIII.    Whether a totality of the errors justified reversal and a new trial even if no single error would be sufficient.

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, presenting the same claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Duyst*, 469 Mich. 999 (Mich. Jan. 27, 2004).

Through new counsel, Petitioner filed a motion for relief from judgment in the trial court, presenting the following Claims:

    I.    The introduction of and substantial evidence on a clearly testimonial statement recorded more than a year prior to her suicide by Appellant's deceased wife purporting to implicate him in her death and in a prior assault (where there was no corroboration of appellant's involvement in the assault and where substantial evidence indicated he was clearly not involved) violated Appellant Duyst's federal and state constitutional right to confront and cross-examine his accuser.

    II.    The substantial presentation of blood spatter evidence during several trial days, evidence consistently emphasized by the prosecution as determinative of guilt, by a witness touted by the prosecution as a national expert, where this evidence was in fact junk science, denied Appellant Duyst his due process right to a fair trial under the state and federal Constitutions.

    III.    Appellant Duyst was denied the effective assistance of counsel guaranteed by the federal and state Constitutions where his trial attorney, with no strategic purpose, made several outcome-determinative errors.

    IV.    Appellant Duyst was denied the effective assistance of counsel guaranteed by the federal and state Constitutions where his appellate counsel, who also represented Appellant Duyst at trial, on direct appeal, neglected "dead bang winners," including counsel's own ineffectiveness on several fronts.

    V.    Appellant Duyst was denied his right to a fair trial under the state and federal Constitution when the prosecutor engaged in severe and repeated outcome-

        determinative misconduct.

VI.    Where Appellant Duyst is asserting the failure of trial counsel to investigate in relation to finding adequate experts and testing of physical evidence, and where preliminary analysis of key evidence by nationally-recognized experts reveals severe deficiencies in the prosecution's primary proofs, and where Appellant Duyst has consistently maintained his innocence, supported by two passed polygraphs, one of which was administered by the Michigan State Police, this Court should grant Appellant Duyst's request for release of physical evidence for testing under state and federal due process guarantees.

VII.    This Court should assess and consider Appellant Duyst's two passed polygraphs, one of which was administered by the Michigan State Police, in ruling on his motion for relief from judgment.

Petitioner also filed a Motion for the Release of Evidence for Independent Testing, Motion for Oral Argument, and Motion for an Evidentiary Hearing. The trial court denied all of Petitioner's motions. *People v. Duyst*, No. 00-09779-FC (Kent County Circuit Court Apr. 6, 2006).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the same claims raised in the motion for relief from judgment and requesting an evidentiary hearing and the release of physical evidence for independent testing. The Michigan Court of Appeals denied leave to appeal. *People v. Duyst*, No. 269911 (Mich. Ct. App. Feb. 1, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, in which he requested a remand for an evidentiary hearing and the release of physical evidence for independent testing. The Michigan Supreme Court denied leave to appeal and the motion for remand and release of physical evidence. *People v. Duyst*, 480 Mich. 1055 (Mich. March 19, 2004). Justices Cavanagh and Kelly dissented, with Justice Kelly calling Petitioner's offer of proof "quite extraordinary." *Id.*

Petitioner then filed this petition for a writ of habeas corpus, presenting the following claims:

> I. Whether this Court should grant a writ of habeas corpus where Petitioner Duyst was deprived of the effective assistance of counsel at trial and on direct appeal in connection with the three most critical pieces of evidence of the prosecution's entire case—his wife's "note from the grave," the prosecution's so-called "expert" blood spatter testimony, and the unexamined ballistics evidence.
>
> II. Where Petitioner Duyst is asserting the failure of trial counsel to investigate in relation to finding adequate experts and testing of physical evidence, preliminary analysis of key evidence by nationally-recognized experts reveals severe deficiencies in the prosecution's primary proofs, Petitioner Duyst has consistently maintained his innocence, supported by two passed polygraphs, one of which was administered by the Michigan State Police, and since Petitioner has sought release of the physical evidence for independent testing and an evidentiary hearing at every step in the Michigan state court system at the earliest possible time (consistent with Petitioner's claim of ineffective assistance of trial and direct appeal counsel), whether this Court should grant Mr. Duyst's request for release of physical evidence for testing under the federal due process guarantee and whether this Court should conduct an evidentiary hearing

In sum, Petitioner took the following steps to develop the state court factual record regarding the claims raised in his petition: He raised these issues at his first opportunity to do so -- his motion for relief from judgment in the trial court. At the same time, he sought an evidentiary hearing and the release of physical evidence for testing, his first opportunity to do so because he was no longer represented by counsel whom he claims was ineffective. In addition, after the trial court denied his motions, he also requested an evidentiary hearing and the release of physical evidence in his applications for leave to appeal from the denial of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.

Petitioner provided the state courts "the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "[C]omity is not served by" foreclosing an evidentiary hearing in federal court where a petitioner "was unable to develop his

6

claim in state court despite diligent effort." *Williams*, 529 U.S. at 437. The Court concludes that Petitioner diligently sought to develop the factual record for his claims in state court.

### B.

An evidentiary hearing may be held only if the alleged constitutional violation, if established, is sufficient to warrant the issuance of the writ. *Sawyer*, 299 F.3d at 610.

Petitioner raises several substantial, potentially meritorious ineffective assistance of counsel claims. The Court cannot decide before hearing testimony adduced at the evidentiary hearing whether trial counsel's conduct was the result of reasonable trial strategy or whether counsel's failure to raise certain issues on appeal was the result of reasoned consideration or was outside the realm of reasonably competent assistance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Because Petitioner's claims, if established, are sufficient to warrant habeas corpus relief, the Court finds the interests of justice warrant an evidentiary hearing on the issues of ineffective assistance of trial and appellate counsel.

### C.

Also before the Court is Petitioner's request for release of physical evidence for testing. The scope and extent of discovery are discretionary matters for the District Court to decide. *Bracy v. Gramley*, 520 U.S. 899, 904, 909 (1997). A habeas petitioner is entitled to discovery if "the judge in the exercise of his," or her, "discretion and for good cause shown grants leave to do so, but not otherwise." R. Governing Section 2254 Cases 6(a). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris*

7

*v. Nelson*, 394 U.S. 286, 300 (1969).  Petitioner requests the release of the following items of physical evidence for additional testing:

- fitted sheet
- pillows and pillowcases
- Petitioner's t-shirt and sweatpants
- gun, cartridges, and cartridge cases
- original 911 tape of Petitioner's two calls
- Carhartt jacket and barn wood

Petitioner shows good cause for production of this evidence.  Production for independent testing is not for the purpose of retrying the criminal matter.  Instead, evaluation of this physical evidence is relevant to the Court's assessment of Petitioner's ineffective assistance of counsel claims and possibly to a claim of innocence.

D.

Finally, Petitioner filed a Motion for Oral Argument.  Since the Court grants Petitioner's Motion for an Evidentiary Hearing and the parties will have the opportunity to present evidence and arguments at the evidentiary hearing, the Court denies the Motion for Oral Argument as moot.

III.

The Court concludes Petitioner was diligent in attempts to develop the factual record in state court.  Further, his factual allegations, if correct, may establish a constitutional violation.  Petitioner satisfies the prerequisites for an evidentiary hearing.  Additionally, the Court concludes  Petitioner is entitled to the requested discovery.

Petitioner's Motion for Release of Physical Evidence for Testing and for an Evidentiary Hearing is **GRANTED**. The physical evidence requested by Petitioner for testing must be made available to Petitioner within THIRTY DAYS from the date of this Order.

Petitioner's request for an evidentiary hearing is **GRANTED**. The hearing will be conducted on **Monday, October 26, 2009 at 9:30 a.m. before the Honorable Victoria A. Roberts.**

Petitioner's Motion for Oral Argument is **DENIED AS MOOT.**

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 28, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 28, 2009.

s/Linda Vertriest
Deputy Clerk